# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| SINNA ABLULIMIR, INDIVIDUALLY, and d/b/a RENT 4 LESS CAR RENTAL,<br><br>*Plaintiff,*<br><br>vs.<br><br>U-HAUL CO. OF KANSAS, INC. AND U-HAUL INTERNATIONAL, INC.,<br><br>*Defendants.* | Case No. 11-4014-EFM |

## MEMORANDUM AND ORDER

This breach of contract case arises from Defendant U-Haul Co. of Kansas, Inc.'s alleged termination of a contract with Plaintiff Ablulimir. Before the Court is Defendant U-Haul International, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9).[1] For the following reasons, Defendant U-Haul International, Inc.'s motion is granted.

### I. Factual and Procedural Background[2]

Plaintiff Ablulimir individually and as Rent 4 Less Car Rental ("Ablulimir") brought claims of breach of contract; fraud and slander; tortious interference with contract; civil rights violations; antitrust violations; and damage to property and trespass against Defendants U-Haul Co. of Kansas Inc. ("U-Haul of Kansas") and U-Haul International, Inc. ("UHI") in Riley County, Kansas after the

---

[1]U-Haul International, Inc. also moves to dismiss under 12(b)(6), or in the alternative, moves for a more definite statement. U-Haul Co. of Kansas, Inc. has also filed a 12(b)(6) motion which the Court grants contemporaneously in a separate order.

[2]For the purposes of this Order, the Court assumes the truth of these facts.

contract for her U-Haul dealership was allegedly terminated on February 21, 2010.  In that initial filing, Ablulimir alleged that the Court had jurisdiction over UHI because it does business in the state of Kansas.  The Defendants removed the action to this Court.

UHI filed a Motion to Dismiss for lack of personal jurisdiction.  Its affidavit accompanying the motion provides that UHI is a Nevada corporation whose principal place of business is in Arizona.  It has never been a party to any contract with Ablulimir.  UHI has offices and employees in Nevada and Arizona.  It maintains no office, address, telephone number, books or records, other corporate activities, nor real estate, and has no employees in Kansas.  It provides accounting and clearinghouse services and technical and advisory services for other U-Haul companies.  U-Haul of Kansas is located in, and conducts business in Kansas.  These companies are separate legal entities. U-Haul of Kansas is a wholly owned subsidiary of UHI.

UHI  filed this Motion to Dismiss for lack of personal jurisdiction on February 16, 2011. To date, Ablulimir has failed to file a response.  Pursuant to D. Kan. Rule 7.4, the court will consider and decide the motion as an uncontested motion.

## II.  Legal Standard for Personal Jurisdiction

A plaintiff opposing a motion to dismiss based on lack of personal jurisdiction bears the burden of showing that personal jurisdiction over the defendant is appropriate.[3]  In a pre-trial motion to dismiss, such as when the matter is decided on the basis of affidavits and written materials, the plaintiff is only required to make a prima facie showing that personal jurisdiction is proper to avoid dismissal.[4]  Once the plaintiff makes a prima facie showing, the defendant must "present a

---

[3]*Thermal Components Co. v. Griffith*, 98 F. Supp. 2d 1224, 1227 (D. Kan. 2000) (citing *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996)).

[4]*Id.*

compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[5]

"The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and 'the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.'"[6] "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."[7] "The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."[8]

In a diversity action, "personal jurisdiction over a nonresident defendant is determined by the law of the forum state."[9] "The proper inquiry is . . . whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state and comports with due process requirements of the Constitution."[10] Courts may proceed directly to the due process issue because the Kansas long-arm statute is construed liberally.[11]

---

[5]*Id.* at 1227 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985))).

[6]*Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted).

[7]*Id.*

[8]*Id.* at 1227 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985))).

[9]*Caldwell-Baker Co. v. S. Illinois Railcar Co.*, 225 F. Supp. 2d 1243, 1259 (D. Kan. 2002).

[10]*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304-05 (10th Cir. 1994).

[11]*Id.* at 1305.

In a federal question case, "the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process" before it can exercise personal jurisdiction over a defendant.[12]  In this case, the analysis first addresses whether the federal statute grants national service of process.  Fed. R. Civ. P. 4(k)(1) states in relevant part that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant when authorized by a federal statute."  But, service of process and personal jurisdiction are distinct concepts that require separate inquiries.[13]  Therefore, when a federal statute provides national service of process, it may become the basis for personal jurisdiction provided that the exercise of jurisdiction comports with due process.[14]  If, however, the federal statute does not grant national service, the court applies the law of the forum state.[15]  Thus, whenever there is a federal question, the court must determine whether personal jurisdiction comports with due process.[16]

**Due Process**

The Due Process Clause allows the exercise of personal jurisdiction over a non-resident defendant "only so long as there exist 'minimum contacts' between the defendant and the forum state."[17]  "The 'minimum contacts' standard may be met "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that

---

[12]*Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations omitted).

[13]*Id.*

[14]*Id.* at 1210.

[15]*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

[16]*Brown v. Peter Francis Jude Beagle Law Office*, 2009 WL 536596, at *2 (D. Kan. 2009).

[17]*OMI Holdings*, 149 F.3d at 1090 (citation omitted).

'arise out of or relate' to those activities."[18]  This involves a two step inquiry: (1) whether "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there;'"[19] and (2) "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'"[20]  A court may also exercise general jurisdiction if the defendant's contacts with the forum state, while unrelated to the alleged activities upon which the claims are based, are nonetheless "continuous and systematic."[21]

## III.  Analysis

The minimum contacts inquiry requires the Court to determine "whether the defendant purposefully directed its activities at residents of the forum, and whether the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state."[22]  "Purposeful availment analysis turns upon whether the defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff . . . . [and generally] requires . . . affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state."[23]

Ablulimir has failed to establish minimum contacts of UHI for any claim.  With respect to her possible federal question claims, Ablulimir fails to appropriately allege jurisdiction.  She did not

---

[18]*Id.* at 1091 (quoting *Burger King*, 471 U.S. at 472).

[19]*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

[20]*Id.* at 1075-76 (citing *OMI Holdings*, 149 F.3d at 1091)).

[21]*Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001).

[22]*OMI Holdings*, 149 F.3d at 1091 (quotations and citations omitted).

[23]*Rambo v. Am. S. Ins., Co.,* 839 F.2d 1415, 1420 (10th Cir. 1988) (citation omitted).

assert that jurisdiction was proper pursuant to any applicable federal statute in her complaint.[24] She references Title VII of the 1964 Civil Rights Act. 42 U.S.C. § 2000e *et seq.* does not grant national service of process.[25] As such, the Court must look to state law and employ the traditional jurisdictional analysis.

Ablulimir also generally alleges an antitrust claim. To the extent that Ablulimir's antitrust claim might be construed as a Sherman antitrust claim, 15 U.S.C. § 22 grants national service of process.[26] However, Ablulimir did not reference this statute nor any federal statute to invoke personal jurisdiction. When a federal statute grants national service of process, the defendant bears the initial burden to show "that his liberty interests actually have been infringed."[27] When assessing whether the defendant has met its initial burden, the court should consider the following factors:

> (1) [T]he extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.[28]

UHI has addressed its complete lack of minimum contacts with Kansas and Ablulimir's failure to plead factual allegations relating to UHI's alleged contract with her. To the extent that

---

[24]As noted above, Ablulimir also failed to file a response. Thus, the Court is left only with her allegations in the complaint.

[25]*Daneshvar v. Graphic Tech., Inc.*, 2005 WL 348312, at *2 (D. Kan. 2005).

[26]*B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 229 F. Supp. 2d 1209, 1214 (D. Kan. 2002).

[27]*Id.* at 1215 (quoting *Peay*, 205 F.3d at 1212).

[28]*Peay*, 205 F.3d at 1212 (citation omitted).

Ablulimir's antitrust claim can be construed as a Sherman antitrust claim, UHI meets its initial burden showing that jurisdiction does not comport with due process.[29]  Thus, at this point, the due process analysis for the federal question and diversity claims becomes the same.

Ablulimir has only made the conclusory allegation that UHI conducted business in Kansas. UHI provided an affidavit that it was never a party to any contract with Ablulimir.  It is a Nevada corporation whose principal place of business is in Arizona.  UHI does not operate any business nor own real or personal property in Kansas.  It does not maintain an office, address, telephone number, bank account, books, records, conduct other corporate activities, nor employ any individuals in Kansas.

The only possible contact that appears is that Defendant U-Haul of Kansas is a subsidiary of UHI.  Normally, a "parent-subsidiary relationship will not result in a subsidiary's contacts being attributed to the parent, [but] when the parent exercises substantial control and direction of the subsidiary, attribution of the subsidiary's contacts is appropriate."[30]  It is the plaintiff's burden to establish the parent has control and direction over the subsidiary before the court can exercise personal jurisdiction over a parent corporation.[31]  Ablulimir, however, never posits that UHI had control over U-Haul of Kansas.  Indeed, the Court is only aware of the relationship between UHI and U-Haul of Kansas because of UHI's affidavit.

---

[29]The Court notes UHI did not specifically address personal jurisdiction with respect to the federal question claims, so never spoke directly towards satisfying its initial burden, but its lack of minimum contacts with the forum state satisfies the burden in this instance.

[30]*B-S Steel*, 229 F. Supp. 2d at 1219 (citing *Battenfeld of Am. Holding Co. v. Baird, Kurtz & Dobson,* 45 F. Supp. 2d 1109, 1117 (D. Kan. 1999)).

[31]*Id.*

Ablulimir makes only the conclusory allegation that jurisdiction is proper because UHI conducts business in Kansas.  She has presented no facts that the Court can consider true for the purposes of establishing personal jurisdiction over UHI.  As such, UHI demonstrates that it lacked minimum contacts with the forum state and the exercise of personal jurisdiction would not comport with due process.  Thus, the Court need not analyze whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.[32]

**IT IS ACCORDINGLY ORDERED** that Defendant U-Haul International, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 13th day of June, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

[32]Because there are no facts demonstrating that UHI had minimum contacts with Kansas, the Court also cannot find that it has general jurisdiction.  Beyond Ablulimir's conclusory allegation that UHI conducted business in Kansas, there is nothing that can be construed to establish that Defendant's contacts were sufficiently continuous and systematic.